IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| JAQUOLINE WALKER,<br><br>        Plaintiff,<br><br>v.<br><br>PRUDENTIAL INSURANCE COMPANY OF AMERICA DISABILITY MANAGEMENT SERVICES,<br><br>        Defendant. | Case No.: 3:20-cv-348-CRS<br><br>Removed from<br>Jefferson Circuit Court<br>Division Five<br>Civil Action No. 20-CI-002605 |

**PRUDENTIAL'S NOTICE OF REMOVAL**

Defendant, The Prudential Insurance Company of America ("Prudential") (incorrectly named "Prudential Insurance Company of America Disability Management Services"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby files this Notice of Removal with respect to the above captioned case, which was filed and is currently pending in Jefferson Circuit Court, Division Two, Case No. 20-CI-002605. In support of this Notice of Removal, Prudential states the following:

**Timeliness And Background**

1.     On April 21, 2020, Plaintiff Jaquoline Walker ("Plaintiff") commenced a civil action against Prudential by filing a complaint in Jefferson Circuit Court, Division Two. The lawsuit is recorded on that court's docket as Case No. 20-CI-002605. There are no other parties named in Plaintiff's complaint.

2.     Prudential was served with the Complaint on April 29, 2020 through the Kentucky Secretary of State. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's complaint, which constitutes "all summons, pleadings, and orders" served upon

Prudential in the state court action, is attached hereto as Exhibit A. Because Prudential has filed this Notice of Removal within thirty days of service, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

## Federal Question Jurisdiction

3.  In her Complaint, Plaintiff alleges a claim under §502 of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132, seeking long-term disability ("LTD") benefits allegedly due to her under an insurance plan offered by her former employer, JP Morgan Chase Bank, N.A. (the "plan"). (*See* Ex. A, Compl. ¶¶ 3-6, 21-22.) *See* 29 U.S.C. § 1132(a)(1)(B) ("A civil action may be brought  (1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . .").

4.  Even if Plaintiff did not explicitly invoke ERISA in bringing suit, ERISA would provide an exclusive federal cause of action for participants or beneficiaries in an ERISA plan who bring actions related to the recovery of benefits under employee benefit plans, including any breach of contract claim alleged in the Complaint. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987); *Rush Prudential HMO Inc. v. Moran*, 536 U.S. 355 (2002).

5.  Plaintiff's Complaint, on its face, alleges a claim for benefits brought pursuant to ERISA (*see* Ex. A., Compl. ¶¶ 3, 4, 21, 22, wherefore clause), and thus alleges a claim under the laws of the United States within the meaning of 28 U.S.C. § 1331. For this reason, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

6.  Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7. The Court thus has original jurisdiction over these claims pursuant to 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. § 1441.

### Venue and Notice

8. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 97(b), this Court embraces Jefferson County, the location of Jefferson Circuit Court, Division Two, the place where the removed action had been pending. 28 U.S.C. § 1441(a). Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

9. Prompt written notice of this Notice of Removal will be sent to Plaintiff through her counsel, and to the Clerk of Court for Jefferson Circuit Court, Division Two, as required by 28 U.S.C. § 1446(d). A copy of this notice is attached hereto as Exhibit B.

10. Should Plaintiff seek to remand this case to state court, Prudential respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides that remand is proper, Prudential asks that the Court retain jurisdiction and allow Prudential to file a motion asking this Court to certify any remand order for interlocutory review by the Sixth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, Defendant, the Prudential Insurance Company of America, submits that this action properly is removable based on federal question jurisdiction and respectfully requests that the above-described action pending against it be removed to the United States District Court

for the Western District of Kentucky. Prudential also requests all other relief, at law or in equity, to which it is justly entitled.

**DATED: May 18, 2020**                                Respectfully submitted,

                                                                    THE PRUDENTIAL INSURANCE
                                                                     COMPANY OF AMERICA

                                                                     By: */s/ Buddy J. VanCleave*
                                                                          Attorney for Prudential

Buddy J. VanCleave
Quintairos, Prieto, Wood & Boyer, PA
9300 Shelbyville Road, Suite 400
Louisville, KY 40222
Phone: 502-423-6390
Fax: 502-423-6391
Email: buddy.vancleave@qpwblaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have caused a true and correct copy of the foregoing PRUDENTIAL'S NOTICE OF REMOVAL to be served upon the following, using the Court's ECF filing system on this 18th day of May 2020:

>Robert A. Florio
>1500 Story Ave
>Louisville, KY 40206
>Co-Counsel for Plaintiff
>Telephone: 502-587-0228
>Email: robertfloriolaw@outlook.com

>By: */s/ Buddy J. VanCleave*
>Attorney for Prudential