# EXHIBIT A



Michael G. Adams
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718

April 29, 2020

PRUDENTIAL INSURANCE COMPANY OF AMERICA
PO BOX 13840
PHILADELPHIA, PA 19176


FROM:   SUMMONS DIVISION
        SECRETARY OF STATE

RE:     CASE NO: 20-CI-002605

COURT:  Circuit Court Clerk
        Jefferson County, Division: 2
        700 West Jefferson St.
        Louisville, KY 40202
        Phone: (502) 595-3055

Legal action has been filed against you in the captioned case. As provided under Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

  (1) **Your attorney, or**
  (2) **The attorney filing this suit whose name should appear on the last page of the complaint, or**
  (3) **The court or administrative agency in which the suit is filed at the clerk's number printed above.**

The Kentucky Secretary of State has NO POWER to make a legal disposition of this case. Your responsive pleadings should be filed with the clerk of the court or agency where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve the pleading under a particular statute or rule and pay for said service.

| ACC-105 | Doc. Code: CI | | | **20-CI-002605** | |
|---|---|---|---|---|---|
| Rev. 1-07 Page 1 of 1 Commonwealth of Kentucky Court of Justice www.courts.ky.gov CR 4.02; CR Official Form 1 | | **CIVIL SUMMONS** | | Court | ✓ Circuit ☐ District |
| | | | | County | Jefferson |

**PLAINTIFF**

JAQUOLINE WALKER

RECEIVED
APR 29 2020

JEFFERSON CIRCUIT COURT
DIVISION TWO (2)

VS.

**DEFENDANT**

PRUDENTIAL INSUANCE   COMPANY OF   AMERICA
PO BOX 13840
PHILIDELPHIA PA 19176

**Service of Process Agent for Defendant:**
SECRETARY OF STATE

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: **APR 21 2020**, 2____

DAVID L. NICHOLSON, CLERK
By: _____ Clerk
_____ D.C.

**Proof of Service**
This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

this ____ day of _____, 2____.

Served by: _____
_____ Title

NO. **20CI002605**   JEFFERSON CIRCUIT COURT
　　　　　　　　　　　 DIVISION _____

| | | |
|---|---|---|
| JAQUOLINE WALKER | ) | PLAINTIFF |
| | ) | |
| v. | ) | |
| | **COMPLAINT** | JEFFERSON CIRCUIT COURT DIVISION TWO (2) |
| | ) | |
| PRUDENTIAL INSURANCE COMPANY OF AMERICA DISABILITY MANAGEMENT SERVICES PO BOX 13480 PHILADELPHIA PA 19176 | ) ) ) ) ) | DEFENDANT |
| | ) | A COPY ATTEST: DAVID L. NICHOLSON, CLERK JEFFERSON CIRCUIT COURT LOUISVILLE, KENTUCKY |
| SERVE: SECRETARY OF STATE | ) ) | BY _____ D.C. |

\*\*\*　　　　\*\*\*　　　　\*\*\*

Comes the Plaintiff, JAQUOLINE WALKER by counsel, and for her cause of action against Defendant states as follows:

### PARTIES AND VENUE

1. Plaintiff is a resident of Louisville, Jefferson County, Kentucky.

2. Defendant, Prudential Insurance Company of America, (hereinafter "carrier" or "Defendant" or " Prudential" ) is a corporation doing business in the Commonwealth of Kentucky.

3. This is an action brought by a participant to recover long term disability benefits ("LTD" respectively) due to her under the terms of an insurance plan governed by §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e), which is more specifically, a contract for disability insurance and wage replacement benefits.

4. This Court has jurisdiction pursuant to §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e).

### FACTS

5. Plaintiff was a full-time employee of JP Morgan Chase Bank, N.A. ("employer") for a

sufficient time period so as to be eligible for wage replacement coverage under the terms of an insurance contract identified as claim number 12331574.

6. As a full time employee, Plaintiff was eligible for, and was participating in the wage replacment disability plan ("plan") offered by employer.

7. At all times relevant to this Complaint, the Plan was administered by Prudential and at all relevant times Prudential remained the so called "plan administrator".

8. By virtue of Plaintiff's medical impairments, and according to medical personnel, it is apparent that Plaintiff is permanently and totally disabled. In fact, Plaintiff provided to Defendant a sworn statement from Plaintiff's treating physician attesting to her disabling conditions.

9. Plaintiff applied for Long Term Disability benefits ("LTD") and was approved. Plaintiff received benefits for a substantial number of months after which, for reasons that are unknown, her medical file was reviewed and then she was inexplicably denied. There is no medical evidence to suggest Plaintiff's medical condition imported over the terms of the LTD benefit run. Plaintiff appealed the LTD decision and was again denied.

10. Said action on part of Plaintiff exhausts administrative remedies under the plan.

11. Prudential's in house medical review performed by the Defendant's "hired medical reviewer(s)", practitioner(s) of unknown qualifications, erroneously concluded that the Plaintiff was able to perform an occupation. The Defendant fails to offer a rational basis as to why it does not concur with a diagnosis of disability consistent with Plaintiff's treating physicians.

12. Prudential 's in-house reviewing staff erroneously concluded that the Plaintiff was capable of returning to work and to work full time, as she did before the onset of her disability. Prudential refused to consider all of the Plaintiff's medical ailments and combined effect on Plaintiff to terminate benefits. Said action is in violation of Sixth Circuit jurisprudence.

13. Prudential's refusal to consider Plaintiff's combination of medical impairments, and the effect each has on the other, is in error as this medical evidence constitutes the "substantial evidence" in the case. The Claimant is entitled to have the combination of all impairments considered under the Plan. The Defendant so callously ignored substantive medical proof that it cannot now enjoy the, so-called, arbitrary and capricious standard of review despite plan language to the contrary, and the medical history should be reviewed *de novo*.

14. Prudential is legally unable to deny Plaintiff's benefits based on even its own medical and vocational findings.

15. Any physician who has personally treated the Plaintiff has never questioned the permanency and totality of Plaintiff's disability.

16. Defendant Prudential's conclusions that Plaintiff is not totally disabled was arbitrary and capricious, based on faulty data, flies in the face of the longitudinal medical evidence from the treating sources, and was executed in violation of relevant provisions of the plan.

17. At all relevant times Prudential was acting under a conflict of interest as it was the entity which determined if the Plaintiff was disabled and the entity which is responsible for payment of LTD wage replacement benefits. Accordingly, the Plaintiff is entitled to discovery over and above that which is customarily permitted in cases litigated under the ERISA statute.

18. In accordance with the terms of the plan, the Plaintiff did apply for Social Security Disability benefits ("SSDI") from the Social Security Administration ("SSA").

19. Although the SSA has not yet rendered a decision on the Plaintiff's SSA claim, Defendant cannot ignore the finding of SSA without adequate explanation in its decision even though the decision is outside the formation of the administrative record. <u>Whitaker v. Hartford Life and Accident Co.</u> 404 F.3d 947 (6th Cir. 2005).

20. Due to Defendant's actions Plaintiff is entitled to discovery exceeding standard ERISA protocol.

## COUNT 1
### DENIAL IS IN VIOLATION OF ERISA STATUTE

21. Pursuant to the ERISA statute Plaintiff is entitled to long-term disability benefits under the Plan.

22. Defendant has wrongfully denied Plaintiff LTD benefits and has breached the standards of the Plan under the dictates of the ERISA statute.

23. Defendant's decision to deny Plaintiffs benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a breach of contract, violating Plaintiff's expectations pursuant to the Prudential of the contract of insurance.

WHEREFORE the Plaintiff prays as follows:

1. For payment of disability benefits due to her, calculated from the date benefits were ceased until the present, with interest to the extent permitted by law;

2. For an Order compelling Defendant to continue all disability benefits from the present forward in time until such time as the of Defendant's contract of insurance permits a reinvestigation of Plaintiff's continued medical eligibility under the Plan;

3. For attorney's fees and expenses that Plaintiff has incurred for enforcing her contractual rights

as well as her ERISA rights;

4. For any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA, including Defendants' assistance in remedying any damage its termination of benefits has caused respecting Plaintiff's credit history;
5. For her attorney fees and costs expended herein;
6. For any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state based statutory claims, federal ERISA based claims, or other claims that may arise once discovery is complete.

Respectfully submitted,

/s/ Robert A. Florio

ROBERT A. FLORIO
1500 Story Ave
Louisville, KY 40206
Counsel for Plaintiff
502-587-0228

robertfloriolaw@outlook.com

**Kentucky**
UNBRIDLED SPIRIT

MICHAEL G. ADAMS
SECRETARY OF STATE
P.O. Box 718
Frankfort, Kentucky 40602-0718

☑ **REGISTER TO VOTE**

7019 2970 0001 6695 0516

PRUDENTIAL INSURANCE COMPANY OF AMERICA
PO BOX 13840
PHILADELPHIA, PA 19176

